IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02143-WYD-MEH

INSTINCTIVE FILM GmbH, a German Limited Liability Company,

    Plaintiff,

v.

KAREN ZEEB,

    Defendant.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

    Before the Court is Plaintiff's Motion for Default Judgment as to Defendant Karen Zeeb [filed May 7, 2014; docket #42]. Plaintiff's motion is **denied without prejudice** as follows.

    On February 24, 2014, the Plaintiff filed a Second Amended Complaint in which it identified and named the originally named John Doe Defendant as Karen Zeeb. Docket #36. Plaintiff filed proof of service of the Second Amended Complaint upon Ms. Zeeb on February 27, 2014; thus, her answer or other response was due to be filed on or before March 20, 2014. Docket #39. After the response deadline passed with nothing filed by the Defendant, Plaintiff sought and received entry of default by the Clerk of the Court on April 22, 2014. Dockets ##40, 41. Plaintiff then filed the present motion for default judgment on May 7, 2014. Docket #42. This Court issued an order requiring that the Defendant respond to the motion on or before June 3, 2014, and directed the Clerk of the Court to send the order directly to Ms. Zeeb. Docket #45. Ms. Zeeb, proceeding *pro se*, timely filed a response to the motion on May 30, 2014 denying Plaintiff's allegations against her. Docket #47.

To the extent she believes that entry of default was in error in this case, Defendant should have filed a motion to set aside the default. However, construing her filing liberally, the Court will treat Defendant's response brief as subsuming a request to set aside entry of default in this case. "The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "Rule 55(c) does not refer to a motion ..." thus, "a district court that has entered a default against a party retains 'the power to act in the interest of justice in an unusual case in which its attention has been directed to the necessity of relief by means other than a motion.'" *Judson Atkinson Candies, Inc. v. Latini–Hohberger Dhimantec*, 529 F.3d 371, 385-86 (7th Cir. 2008) (quoting *Pierson v. Dormire*, 484 F.3d 486, 491 (8th Cir. 2007)) ("Without deciding whether a district court could set aside a default judgment *sua sponte*, we believe that the district court had the authority to set aside *sua sponte* an entry of default against [defendant] for good cause."); *see also Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981) ("Even if a default had been entered, opposition to a motion for a default judgment can be treated as a motion to set aside the entry of a default despite the absence of a formal Rule 55(c) motion."); *Miller v. Madison*, No. 12-cv-0874, 2013 WL 2181240, at *2 (N.D.N.Y. May 20, 2013) ("Because Rule 55(c) does not refer to a motion requirement, a court may set aside an entry of default *sua sponte*.").

The Tenth Circuit has established grounds for setting aside a default. *See, e.g., Hunt v. Ford Motor Co.*, 65 F.3d 178, 1995 WL 523646 (10th Cir. August 29, 1995) (unpublished). "The principal factors in determining whether a defendant has shown good cause to set aside an entry of default include (1) whether the default resulted from culpable conduct by defendant, (2) whether plaintiff would be prejudiced if the court set aside the default and (3) whether defendant has presented a meritorious defense." *Crutcher v. Coleman*, 205 F.R.D. 581, 584 (D. Kan. 2001) (citing

*Hunt*, 1995 WL 523646, at *3). The Tenth Circuit also has recognized that motions under Rule 55(c) are addressed to the sound discretion of the trial court and judges "are given 'a great deal of latitude' in exercising their discretion as to whether the movant carried his burden of proving that the default ... [was] entered erroneously." *Nikwei v. Ross School of Aviation, Inc.*, 822 F.2d 939, 941 (10th Cir. 1987) (citation omitted). Generally, cases should be decided on their merits and, accordingly, default judgments are generally disfavored. *See Creative Tile Marketing, Inc. v. SICIS Int'l*, 922 F. Supp. 1534, 1536 (S.D. Fla. 1996); *Universal Am-Can, Ltd. v. Interstate Brands Corp.*, 160 F.R.D. 151, 152 (D. Kan. 1995).

Here, the Court finds that good cause exists for setting aside the default. While the *pro se* Defendant certainly did not file an answer or other response to the Second Amended Complaint within the time period set forth in the summons and applicable federal rules, the Court finds default did not necessarily result from Defendant's culpability; she complied with this Court's order to respond in a timely manner to the present motion and, thus, the Court cannot conclude Defendant intentionally failed to respond to the operative pleading. In addition, the Court finds that the Plaintiff will not be prejudiced by setting aside the default in this case. *See Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000) ("There is no prejudice to the plaintiff where the setting aside of the default has done no harm to plaintiff except to require it to prove its case."); *Adams v. Connelly*, No. 11-cv-00169-DN, 2012 WL 2055043, at *3 (D. Utah June 6, 2012) ("Setting aside the defaults and making Plaintiffs litigate their claim on the merits will not cause Plaintiffs prejudice."). Finally, Defendant denies that she committed the acts alleged in the Second Amended Complaint, which, if proved at trial, could be a meritorious defense against the infringement claim made by the Plaintiff.

Accordingly, at this early stage of the litigation, the Court finds good cause to set aside the entry of default against Karen Zeeb. However, this order does not preclude the Plaintiff from seeking default in the future, should Ms. Zeeb fail to comply with her obligations or court orders during this litigation; thus, the Court will deny the present motion without prejudice.

In light of this order, the Court will schedule a Scheduling Conference in this case by separate order.

THEREFORE, based on the reasons set forth herein, Plaintiff's Motion for Default Judgment as to Defendant Karen Zeeb [filed May 7, 2014; docket #42] is **denied without prejudice**.

The Clerk of the Court is directed to send a copy of this Order to the Defendant at the address listed in docket #47.

Entered and dated at Denver, Colorado, this 3rd day of June, 2014.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge